Bill Goodman c/o Ken Ferguson City of Pine Bluff Personnel Department 200 E. 8th Avenue, Room 104 Pine Bluff, Arkansas 71601
Dear Mr. Goodman:
You have requested an official Attorney General opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
You indicate that a request has been presented to the City of Pine Bluff for a copy of your personnel file. The custodian of the records has determined that these records should be released. I am directed by law to issue my opinion as to whether the custodian's determination regarding the release of the records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
As an initial matter, I must note that I have not been provided with a copy of the records contained in your personnel file, and therefore cannot opine definitively regarding the releasability of those records. However, I will set forth the applicable law that will govern this situation, upon the basis of which you can determine whether to pursue further remedies.
The records contained in personnel files can usually be classified either as "personnel records" or as "employee evaluation/job performance records" (or neither).
The Disclosability Standard for Personnel Records
Under the provisions of the FOIA, "personnel records" are subject to disclosure except to the extent that disclosure would constitute a "clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(10).
What is a Personnel Record?
An initial question, then, is whether the records in your personnel file constitute "personnel records." It is my opinion, as explained more fully below, that if these records pertain to your employment, but are not employee evaluations or job performance records, they would most likely be held by a court to constitute "personnel records."
The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, Professor John Watkins, a commentator on the Arkansas Freedom of Information Act, has provided some interpretive discussion of the issue that could be helpful in evaluating particular records. Professor Watkins notes that "virtually all records pertaining to individual employees, former employees, or job applicants are covered by [A.C.A. § 25-19-105(b)(10)." Watkins, supra, at 125. He goes on to give specific examples of the types of records that could constitute personnel records, suggesting that the records maintained in personnel files be considered as a starting point for determining what constitutes a "personnel record." The records maintained in such files, Professor Watkins points out, include applications for employment, resumes, grade transcripts, payroll related documents (including information as to reclassifications, promotions, or demotions), transfer records, health and life insurance forms, performance evaluations and ratings, letters of recommendation, complaints, requests for leave without pay, certificates for advanced education or training programs, and legal documents (such as garnishment orders and subpoenas). Id. at 125-26. Again, however, Professor Watkins names these personnel file records as constituting only a starting point, and he notes that the language of the FOIA is broad enough to encompass other records pertaining to personnel. He specifically recommends, for example, that materials such as interview notes, records showing annual leave and sick leave, equal employment opportunity grievance files, workers' compensation documents, and medical records, although not included in personnel files, also be considered personnel records. (It should be noted that some of the records mentioned above might be subject to specific exemptions set forth in other sections of the FOIA.)
If the records in your personnel file are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of your personal privacy.
What is a "Clearly Unwarranted Invasion of Personal Privacy"?
The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. SeeYoung v. Rice, 308 Ark. 593, 826 S.W.2d 252 (1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
The question of whether a "clearly unwarranted invasion of personal privacy" has occurred is a question of fact. See Op. Att'y Gen. No.98-001. If the custodian of the records has determined factually that the release of the records in your personnel file would not constitute a clearly unwarranted invasion of your personal privacy (by showing that your privacy interest in the records outweighs the public's interest in them), the records should be released.
The Standard of Disclosability for Employee Evaluation/Job PerformanceRecords
Some of the records in your personnel file may constitute "employee evaluation/job performance records." Under the FOIA, "employee evaluation/job performance records" are disclosable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
What is an Employee Evaluation/Job Performance Record?
The FOIA does not define the phrase "employee evaluation or job performance record," nor has the phrase been construed judicially. I cannot formulate an official definition for undefined statutory language. Formal, written employee evaluations are of course included. In addition, this office has previously opined that documents such as written reprimands and letters of caution, documents upon which a recommendation for dismissal was based, and letters related to promotions and demotions are "job performance records." See, e.g., Ops. Att'y Gen. Nos. 93-105, 93-055, 92-231, 92-191, 91-324, and 91-303.
If any of the records in your personnel file are, in fact, employee evaluations or job performance records, the above-stated three part standard must be applied.
The question of whether there has been a final administrative resolution of a termination or suspension and the question of whether the requested records formed a basis for that termination or suspension are clearly questions of fact that can be readily determined. Any employee evaluation/job performance records in your personnel file can be disclosed only if those questions can be answered affirmatively, and if it is determined that there is compelling public interest in their disclosure, as discussed below.
What is a "Compelling Public Interest"?
The phrase "compelling public interest" is not defined in the FOIA. Clearly, whether there is a "compelling public interest" in the release of particular records will depend upon all of the facts and circumstances attendant to the particular case. Professor Watkins has provided some guidelines for determining whether such an interest exists. He states: "The nature of the problem that led to the suspension or termination will undoubtedly bear on the `compelling public interest. . . .' The public's interest in disclosure is most likely to be compelling when the records reflect a breach of trust or illegal conduct by public employees. . . . However, the mere fact that an employee has been suspended or terminated does not mean that the records should be made public; if that were the case, the `compelling public interest' phrase would be a redundancy. . . ." WATKINS, The Arkansas Freedom of Information Act
(mm Press 2d ed. 1994) at 135. In this regard, Professor Watkins also states: "A general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present." Id. at 137. Professor Watkins has also noted that the status of the employee, or "his rank within the bureaucratic hierarchy," may also be relevant in determining whether a "compelling public interest" exists. WATKINS, supra at 136 (noting that "[a]s a practical matter, courts may be more likely to find such an interest when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.")
As noted previously, the question of whether there is a compelling public interest in particular records is clearly a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Any employee evaluation/job performance records that may be in your personnel file can be released only if the custodian has determined factually that there was a suspension or termination, that the records in question formed the basis for that suspension or termination, and that there is a compelling public interest in the records.
To the extent that the custodian of the records has applied the above-outlined principles of law in determining that your personnel file should be released, it is my opinion that the custodian's decision is consistent with the FOIA.
As a final matter, I must note that any records that the custodian determines to be releasable should be scrutinized by the custodian prior to their release, for the purpose of identifying any information that might be subject to a special exemption from disclosure under the FOIA, such as your social security number. Any such information that is identified by the custodian should be redacted from these documents prior to their release.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SBA/cyh